May Term,
1858.

WALLACE.
v.
THE ASSOCI-
ATE REFORM-
ED CHURCH.

(1) Counsel for the appellant cited Chit. on Cont. 621; 11 Johns. 1.
(2) Mr. *Heron* cited 12 Johns. 1; 13 East, 20; 4 Camp. 37.

---

## WALLACE v. THE ASSOCIATE REFORMED CHURCH.

In a doubtful case, a sale of real estate made by trustees of an express trust to one of their number, will be set aside.

The Courts will scrutinize such transactions, where trustees are parties, with the greatest care, especially where they are promptly brought before a Court, and rights have not intervened affecting the case with hardship.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Suit to set aside sales of real estate.

The leading facts of the case are these:

In *July*, 1853, *William Anderson* and wife deeded "to *William Hutchinson, William W. Miller* and *Alexander Harbison*, trustees of the *Associate Reformed Church* of *Indianapolis*, state of *Indiana*, and their successors in office, for the benefit and uses of said church," a lot of ground in the city of *Indianapolis*. The deed was duly recorded.

In *November*, 1853, the said *Hutchinson, Miller,* and *Harbison*, sold said lot with the improvement on it—a parsonage house—to *Hutchinson*, one of their number, for 1,000 dollars, which was applied in paying debts of the church. The lot was deeded to *Hutchinson*, and the deed recorded. *Hutchinson* expended 30 dollars in improvements, and received some 50 dollars of rent.

In *April*, 1854, he sold the lot to *Wallace* for 1,500 dollars, and made him a deed.

In 1855, the church instituted this suit to set aside the deeds to *Hutchinson* and *Wallace* and recover the property.

Issues of fact were formed involving the validity of the sale, were tried by a jury, and a special finding was rendered, asserting certain facts, ignoring certain facts, and expressing doubts as to others, but containing no general verdict for either party. The evidence is not upon the record. The Court found the equity of the case to be with the plaintiff, and that the defendant held the property in trust —adjusted the accounts for rent, improvements, &c., and determined that the church should receive back the property on paying into Court for *Wallace*, the defendant, the sum of 1,070 dollars and 30 cents—that *Wallace*, on the paying in of the money should convey, &c. The money was paid in, and *Wallace* ordered to convey. He appealed from the decision against him.

The case having been made to turn below upon the facts, as well as law, involved, we are not able to bring it within any rule by which it can be reversed in this Court. The judgment below must be affirmed. In a doubtful case, sales made under circumstances similar to those in the pre-

May Term, 1858.

WALLACE
v.
THE ASSOCIATE REFORMED CHURCH.

*Wednesday, May 26.*

May Term,
1858.

sent, would be set aside. Courts will scrutinize such transactions, where trustees are parties, with the greatest care, especially where promptness is exercised in bringing them before a Court, and rights have not intervened affecting the case with hardship.

*Per Curiam.*—The judgment is affirmed, with costs.

*H. C. Newcomb* and *J. S. Harvey,* for the appellants (1).

*J. L. Ketcham* and *I. Coffin,* for the appellees (2).

